## Judge of Probate *v.* Johnson.

The statute requires the administrator's bond to be made payable to the judges of pro-
bate, who may put the same in suit for the use and benefit of those interested ; but
the pleadings must show that the suit is brought for the use of another, and the
character of his interest in the proceeding.

IN ERROR to the circuit court of the county of Wilkinson.

Mr. Justice TROTTER delivered the opinion of the court; which
contains a sufficient statement of the case.

This was an action of debt in the circuit court of Wilkinson
county, upon an administration bond executed by the defen-
dant as the administrator of the estate of Isaac Dillahunty, and
payable to the plaintiff as judge of probate of that county.   The
action was brought by the plaintiff in his own name, and for his
own use.   On the original writ is an endorsement of the names
of James S. Wade, Joseph J. Scott, George H. Gordon, William
T. Sims, and Joseph Ellington, who are stated to be the persons
at whose instance the bond was put in suit.   But no notice is
taken of them in the declaration, nor do the pleadings in any
stage of them aver that they have any title to the subject matter
of the suit, or in any other way disclose how or to what extent
they are injured or grieved by the breach of the condition of the
bond.   There are several breaches assigned ; but in none of them
is it shown how they prejudice any one of the persons whose
names are endorsed on the writ.   The defendant filed a demurrer
to the declaration, assigning, amongst other causes, that it did
not state for whose use the suit was brought, and also that the
nature and degree of the interest of the parties at whose instance
it was commenced, was not shown.   The court below sustained
the demurrer, and the plaintiff appealed to this court.

. The validity of the objections to the declaration, which are set
down in the demurrer, is the only question which the record pre-
sents for our decision.   The thirty-third section of the statute

[Judge of Probate *v.* Johnson.]

passed in 1821, in relation to last wills and testaments, and the duties of executors, administrators, and guardians, prescribes the form and the condition of an administrator's, or executor's bond, and provides that the same shall be made payable to the judge of probate of the proper county, and his successors in office, and may be put in suit and prosecuted from time to time, *by and at the costs of any party injured by a breach thereof*, until the whole penalty be recovered thereon.   This law regards the payee of the bond, the judge, in the light of a trustee merely, for those who may be interested in the estate of the testator or intestate. The forms of law and the rules of pleading require that all suits upon it shall be in his name.   He is however a nominal party only, and the suit can only be maintained, and judgment had, by and for the use of those really interested; who are permitted to use his name for that purpose.   He is, then, not the real plaintiff, and can never be so, where the action is properly brought.   He is not responsible for costs, and cannot have any interest whatever in the thing or money recovered.   The judgment is not for his benefit, nor can he have execution for it.   Hence it is manifest that if, in suits upon administration bonds, the pleadings do not show another party claiming the penalty, besides the judge of probate, they are defective.   For proper parties are as essential to confer jurisdiction upon the court, as a proper cause of action.   The record in this case exhibits no party claiming a right of action on the bond, save the judge of probate.   It does not inform the court what is the nature of the interest of the persons whose names are endorsed upon the writ, nor in what manner they are injured by the breaches alleged in the declaration.   It is not stated whether they are creditors or distributees, or how they derive title to the damages claimed.   In answer to this obvious interpretation of the law referred to, it is said that the fifty-eighth section of the same act is an authority for the form of this proceeding.   That provision is in the following words:   " In case a bond given by any executor or administrator, under this act, shall become forfeited, it shall and may be lawful for the judge of probate to cause the same to be prosecuted, at the request of any party grieved by such forfeitures; and the moneys recovered upon such bond shall be applied towards making good the dam-

ages sustained, &c. in such manner as the orphans' court by their sentence or decree shall direct." The power conferred upon the orphans' court by the last member of the section, is relied upon to support the recovery upon the bond, in the name and for the benefit of the judge. He must, it is said, have the assets recovered in his hands, or under his control, or the power to apply them which is thus reserved is rendered nugatory. But this is not deemed a necessary consequence of the law. This argument would have the effect to limit the power of the orphans' court over the assets recovered to one form of proceeding only. This can never be allowed; for it would defeat the whole policy of the probate law, and work the most manifest mischief.

The assets of an estate are at all times subject to the control and direction of the orphans' court, when a proper case is presented for its interference. It may make an apportionment of the funds amongst creditors or distributees, and decree their payment according to the extent of the claim, and the amount of funds belonging to the estate. In short, the rights of creditors and distributees are always subject to the decree or sentence of that tribunal, under the restrictions of the law. But this power to direct in what manner the moneys recovered in a suit upon the bond shall be applied, does not confer the other right contended for, upon the judge, to recover in his own name and for his own use, the damages allowed for a breach of the bond. It does not change his rights under the bond. In any case, the recovery is for the benefit of creditors, and others interested in the estate, and in all cases the payment is liable to be controled by the sentence or decree of the orphans' court. The bond cannot be put in suit until it is forfeited, under any provision of the law, and it cannot be taken advantage of by any but those who are injured, or in the language of the 58th section, grieved by such breach or forfeiture. The 58th section is not believed therefore to have any influence over the question of pleading in the case at bar. It does not vary the rights of the parties, nor change the rule of stating them on the record. This view of the subject is not shaken by the various cases decided in other states, upon bonds payable as ours are to the judge of probate. In all the cases referred to, the parties interested are named in the pleadings, and are treated as the real

[Judge of Probate *v.* Johnson.]

plaintiffs.    In the case of Glover *v.* Heath, judge, &c. 3 Mass. R. 252, a judgment had been recovered upon an administration bond in the name of the judge of probate, at the relation and for the benefit of several persons whose names are stated upon the record. A writ of error was prosecuted by the defendant, and the *scire facias* to hear errors was directed to the judge of probate, in whose name the judgment was recovered.    But the court set aside the writ on motion, because it was not directed to the real parties to the action.

We are therefore of opinion that the court below very properly sustained the demurrer.

The judgment must be affirmed.